IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WIRELESS COMMUNICATIONS TECHNOLOGY INC., COMSTAR CELLULAR NETWORK, INC., DUNCAN E. WINE, TERRANCE DILLON, AND BLAIZE KADURU, Plaintiffs, v. HALE AND DORR LLP and LIONEL, SAWYER & COLLINS, LTD., Defendants. | CIVIL ACTION NO. H-03-5807 |

### ORDER OF RECONSIDERATION AND REMAND

Pending *inter alia* before the Court in the above referenced action, originally asserting claims for legal malpractice, breach of fiduciary duty, negligent misrepresentation and violation of the Texas Deceptive Trade Practices Act against two out-of-state law firms and a Texas resident attorney, is the Motion for Reconsideration of the Court's Order of September 16, 2004 (instrument #40), filed by Plaintiffs Wireless Communications Technology, Inc., Comstar Cellular Network, Inc., Duncan E. Wine, Blaize Kaduru, and Steven W. Soule as Chapter 7 Trustee for the Bankruptcy Estate of Terrance Phillip Dillon.

In the September 16, 2004 order, the Court denied Plaintiffs' motion to remand after finding applicable an equitable exception to the one-year deadline for filing a notice of removal. 28 U.S.C. § 1446(b)(an action that is not initially removable but becomes removable "may not be removed on the basis of jurisdiction conferred by section 1332 . . . more than 1 year after

commencement of the action"); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003)(recognizing an equitable exception to the one-year deadline where "plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights.").

After reviewing the motion for reconsideration and all relevant briefing, however, the Court concludes that reconsideration is warranted and that this case should be remanded to the 61st Judicial District Court of Harris County, Texas.

The instant action is related to another suit filed in Nevada in which Plaintiffs here were the defendants and in which a judgment was obtained against them on December 3, 2001. That judgment is currently on appeal in Nevada. In the meantime, Plaintiffs filed the instant suit in Texas state court on October 4, 2002, alleging that the attorney Defendants, who provided legal services for them in the transactions that gave rise to the Nevada litigation, are liable for malpractice, breach of fiduciary duty, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. The case was timely removed the first time on November 5, 2002, asserting diversity jurisdiction on the grounds that Defendant William T. Dearman, a Texas resident like Plaintiffs, was fraudulently joined.[1] (Ex. A to Docket Instrument

---

[1] Briefly, in the context of a corporate reorganization, in 1993-early 1994 Dearman allegedly failed to file amendments to Plaintiff Comstar Cellular Network's Articles of Incorporation with the Nevada Secretary of State, necessary to authorize additional stock. When additional stock was issued without that

No. 9, Memorandum of Law in Support of Plaintiffs' Motion to Remand.)  Although the notice was vague about the specific nature of the alleged fraudulent joinder ("plaintiff has no viable cause of action against nor possibility of recovering from defendant Dearman"), Defendants Hale and Dorr's response to Plaintiffs' first motion to remand, joined by Lionel Sawyer & Collins, specifically argued that the claims against Dearman, which arose no later than March 1994, were time-barred by more than six years when the Texas state suit was filed on October 4, 2002 in Texas state court because the Nevada action was not filed within the two-year statute of limitations for legal malpractice claims.

The Honorable Kenneth M. Hoyt remanded the action on February 21, 2003, stating,

> The defendants' argument that the suit against Dearman is time-barred is unavailing. From the facts alleged, the plaintiffs may have a claim for contribution or indemnity that they were unable to pursue until or unless an adverse judgment were rendered against them.  In light of this fact, the Court need not address the limitations claim or any other claim that more appropriately should be resolved by the trier of fact.

(Doc. 9, Ex. G, p. 3.) Thus it appears that he did not address the limitations issue nor resolve the fraudulent joinder issue and left both to the state court judge.

Following the remand, on October 17, 2003, thirteen days after the original one-year removal deadline, Dearman filed a

---

authority, Plaintiffs here were sued in Nevada by investors for overissuance of stock, *inter alia*.  Plaintiffs admit that they knew of the overissuance of invalid stock by March 1994.

motion for summary judgment. (Doc. 9, Ex. K.) In that motion, with a supporting affidavit, he argued that all of the legal services that he performed for any parties in the litigation were rendered in 1993 and early 1994, and that the attorney client relationship was terminated thereafter. Furthermore, Dearman argued that Hale and Dorr and Lionel, Sawyer & Collins were employed to render the very services that Plaintiffs charge Dearman with failing to perform. During discovery, documents authored by Hale and Dorr, dated June 6 and June 22, 1994 were produced demonstrating that after Dearman was no longer involved, the two firms were engaged in the process of "clean[ing]-up certain corporate irregularities with Comstar . . ." among other matters. (Doc. 9, Ex. L, Attachments A and B.) A suit for malpractice must be filed by a client within two years of termination of the attorney client relationship, here in early 1996. The Nevada suit was not filed until November 1996 and the Texas suit, not until 2002. The state court judge granted Dearman summary judgment and dismissed the claims against him on December 5, 2003. (Doc. 9, Ex. M.) Therefore issues raised on the first removal have been resolved and are not before this Court on appeal or otherwise.

Plaintiffs filed an amended petition, eliminating Dearman from their pleadings, on December 15, 2003. Hale and Dorr then removed the action for a second time on December 23, 2003, asserting diversity jurisdiction in the wake of Dearman's

dismissal and arguing that they were entitled to an equitable exception to the one-year limit on filing a notice of removal.

In its order of September 16, 2004, denying Plaintiffs' second motion to remand, the Court found that Plaintiffs had argued to Judge Hoyt that Dearman was not fraudulently joined because he could be liable for contribution and indemnity, yet after the remand they failed to pursue meaningful discovery against Dearman and to amend their suit to assert contribution and/or causes of action and did not pursue meaningful discovery against him.  This Court interpreted the failure to bring claims for contribution and indemnity as manipulation of rules and proceedings of court so as to prevent the removal.

In fact, upon re-review of the record and reconsideration, the Court finds that, perhaps in focusing the standard of review for fraudulent joinder,[2] it was Judge Hoyt who injected the possible causes of action for contribution and/or indemnity into the picture.  Plaintiffs, as masters of their complaint, chose to sue Dearman in a direct suit for legal malpractice here in Texas.

Moreover, as Plaintiffs demonstrate, and no one disputes, after the remand, the parties agreed to limit discovery to jurisdictional issues only.  (Doc. 9, Ex. J.)  Thus the charge of failing to pursue "meaningful" discovery is unwarranted.

---

[2]  The person asserting fraudulent joinder must demonstrate that there is "no reasonable probability of recovery against the joined party" under Texas law.  *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000).

Furthermore, Dearman filed a motion for summary judgment based on documents produced from Hale & Dorr's own files demonstrating that Hale & Dorr and Lionel Sawyer & Collins had, in essence, taken over for Dearman as Plaintiff's counsel.  Because they had these documents in their possession and should have known at the time of the first removal that these documents would demonstrate fraudulent joinder, these grounds should have been asserted on the first removal.  Granting them an equitable exception to the one-year deadline for filing a notice of removal is not justified under such circumstances.[3]

Accordingly for these reasons, the Court

ORDERS that Plaintiffs' motion for reconsideration is GRANTED and this case is REMANDED  to the 61st Judicial District Court of Harris County, Texas.  All other pending motions are MOOT.

SIGNED at Houston, Texas, this 15th day of September, 2004.

                                              MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE

---

[3] The Court recognizes that if they were aware of documents and facts pointing the finger at themselves, Hale & Dorr might understandably not wish to reveal these documents, but that is the choice it would have to make if it wished to remove the case.